In the Matter of the Assignment of MAYER MAY *et al.* to ISAAC CAHN for the Benefit of Creditors.

[SPECIAL TERM].

(Decided January, 1885).

Upon a reference of an accounting by an assignee under a general assignment for benefit of creditors where there is no opposition to the allowance of the account presented by the assignee, it is not the duty of the referee to inquire into the items of the account; and if, of his own motion, he examines the assignee as to disbursements charged against the estate, the court will not, even where suspicious items are discovered, withhold its allowance of the account, nor will it allow fees to the referee for his unnecessary labor.

APPLICATION to confirm the report of a referee upon an accounting by an assignee under a general assignment for the benefit of creditors.

The facts are stated in the opinion.

VAN HOESEN, J.—Rule 29 of this court, which relates to assignments, provides that the report of the referee shall

show all the jurisdictional facts necessary to confer power upon the court, such as the proper execution and acknowledgment of the assignment, the recording of the assignment, the filing of the schedules and of the bond, the advertising for creditors, the issuing of the citation, and the presenting of the account; and where any items in the account of the assignee shall be disallowed, they shall be fully set out in the referee's report.

Where there is no opposition to the allowance of the account that is presented by the assignee, the duty of the referee consists in verifying the jurisdictional facts mentioned in Rule 29, and in ascertaining whether the notice has been given to creditors, and to all who are entitled to attend and take part in the accounting. If due notice has been given to all concerned, and no one appears on the return of the citation, or at the hearing before the referee, to object to the account, it is entirely supererogatory on the part of the referee to inquire into the items of the account. If all the *cestui que trusts* are content—and their satisfaction is to be inferred from their failure to object to the account—it is not for the referee or for the court to originate a scrutiny into the details of the assignee's management of his trust. Where there is no complainant, there is no one to ask or receive the protection of the court. It is time enough for courts to act when assistance is asked by a party that has been aggrieved. The futile nature of the inquiry made in this case by the referee may be seen from the present condition of these proceedings. The referee, of his own motion, examined the assignee as to a number of disbursements charged against the assigned estâte, and it is plain that the answers of the assignee warrant grave suspicions of misconduct on his part, but what had resulted, or what can result, from the investigation? Nothing. No one complains of the malfeasance of the assignee, no one demands redress, and the court does not know what measure of relief to give, or to whom relief should be awarded. If upon the face of the papers it were indisputable that the assignee had acted fraudulently, the court would refuse to

discharge him, but would hold the proceedings open, that at some future time those who had been injured might prosecute their claim for reparation, but where suspicious items are discovered—items that may be explained—and where those who are interested in the result, though notified of the proceedings, acquiesce in the application for the discharge, the court has no right to withhold its allowance of the account.

As I have said, nothing has come, nothing could come, from the unnecessary labor that the referee entered upon as a volunteer; and the question is: ought the estate to pay for it? I think not. It was supererogatory, uncalled for, and a waste of time. There is no doubt, however, that the referee acted in the best of faith, and with the best of intentions. He was fearless, energetic and earnest; but these qualities, valuable as they are, cannot be made the standard by which a bill of costs shall be taxed.

Order accordingly.